### NEELY v. ALLIS-CHALMERS MFG. CO.

(Division B. Jan. 13, 1936.)

[165 So. 114. No. 32007.]

520

Leftwich & Tubb, of Aberdeen, for appellant.

McFarland & Holmes, of Aberdeen, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The Allis-Chalmers Manufacturing Company was plaintiff in the court below and brought suit against F. S. Neely upon an open account for seven hundred nineteen dollars and forty cents, the balance due, with six per cent interest from April 6, 1934. To the declaration was attached an account consisting of many items, and it was agreed, at the trial, that they were proper charges, but it was contended that same was not due because certain parts had been exchanged for new parts on account of defects, and certain other parts did not fill the purpose for which they were bought and had to be repaired by a mechanic at great expense.

The defendant, appellant here, pleaded the general issue, and then filed a special plea, No. 1, reading as follows:

"Comes the defendant, F. S. Neely, and for plea to the declaration exhibited against him in the above styled and numbered cause says that the account attached to the declaration is not true and correct in the following particulars, to-wit;

"A. That the plaintiff has deducted the sum of $5.70 as a handling charge from credit memorandum No. 122-R   $ 5.70

"B. Plaintiff has made the same deduction from credit memorandum No. 131-R for   23.16

"C. Plaintiff has deducted the sum of $22.50 from credit memorandum No. 284-R for hub and gear, which was returned for credit the same being 25 per cent   22.50

"D. Plaintiff has failed to credit the sum of $56.60 to the account of defendant and which should be credited for parts and supplies returned   56.60

"E. Plaintiff has failed to give credit for support roller brackets which as originally sold were defective, not well made and not suitable for the purpose for which manufactured   118.75

"F. Plaintiff has not given credit for ten miscellaneous items consisting of timing gear parts and governor parts, and other miscellaneous items and which were defective in manufacture and not well made and not suitable for the purpose for which supplied   117.45

   "Total   $344.16

"Wherefore defendant says that said account, Exhibit A to the declaration, is not true and correct in the foregoing particulars, and that the same should be credited with the additional and further sum of $344.16, and all of which he is ready to verify."

He also filed special plea No. 2 in which he alleged that he should have credit and judgment against the plaintiff for the full account of the sum shown and itemized in his special plea No. 1, and that no sum should be deducted or charged against him as a handling charge, and that said parts returned were new and not used and could be and were accepted by the plaintiff at cost or list price without expense to the plaintiff. He

filed special plea No. 3 in which he said that the plaintiff should not recover because the plaintiff sold him certain tractors which were warranted to be well made, but that certain parts, as set out in special plea one, were defective and he was compelled to purchase new parts, and he was damaged thereby in the sum of two hundred thirty-six dollars and twenty cents, and, in addition thereto, he expended for the labor of mechanics in making repairs the sum of two hundred fifty dollars, and that defendant should recover from plaintiff the sum of four hundred eighty-six dollars and twenty cents. He filed special plea No. 4 alleging that he purchased from the plaintiff certain tractors warranted to be well made, but which were defective, to the damage of the defendant in the sum of two hundred thirty-six dollars and twenty cents. There was also filed a further special plea in substantially the same effect, though couched in different language.

Defendant filed an affidavit denying the correctness of the account sued on.

The parties agreed in the trial of the case that the account sued on is correct as to items and prices, but the defendant, appellant here, denies that he owes or should be charged for the items covered by the plea.

The defendant testified that he bought a tractor from the appellee and that certain parts were returned as being defective, and certain other parts used were defective and had to be repaired.

The court below excluded the testimony as to the defective parts as being unliquidated damages because in breach of an implied warranty, and counsel for the defendant then made the following statement into the record: "We shall prove by the witness, Mr. Neely, that the tractors referred to, when received, proved defective, did not perform well, and were not suitable and fit for the purpose for which they were purchased, and he was compelled, because of defects, to purchase certain parts

as described in the pleadings and at a cost of two hundred thirty-six dollars and twenty cents, and was compelled to install these parts in the tractors purchased at an expense of two hundred fifty dollars, in order to bring them up to what they should be, and so that they would perform well and be suitable and fit for the purpose for which they were purchased." The court, in excluding this proffered evidence, proceeded upon the theory, we gather from the briefs and the record, that the amounts claimed by the defendant were unliquidated amounts, and that the pleading constituted a set-off, and that the defendant could not set off unliquidated amounts.

The form of a pleading, either a declaration or subsequent pleading, is not material, if the substance thereof constitutes a defense which is available in the action. This is provided in section 521, as to the declaration, and in section 531, as to pleas and replications, in the Code of 1930, and by section 533, Code of 1930, it is provided that certain pleas may be pleaded together without leave of court, among which are the plea of the general issue, denial of debt, set-off, and the others there mentioned. By section 536, under the plea of the general issue, the plaintiff may prove, at the trial, a set-off. Section 537 provides for set-off with judgment over in favor of the defendant. It is unquestionably true that denial of debt and set-off may be pleaded together, and the manner of pleading in denying a debt would not preclude the filing of a plea of set-off. Of course, a set-off when pleaded, must be established according to law as to what is a set-off.

An examination of the pleadings shows that they grew out of the same transaction, and are, in effect, pleas of recoupment, which, though unliquidated, are available, since they grew out of the same demand sued on.

In the case at bar the demand sued on is the foundation of the plea of recoupment, and the defendant seeks to answer the plaintiff's demand by showing damages

because of defective machinery and parts unsuitable for use.

It was error for the court not to permit this evidence to be offered and the case to be tried and judgment rendered according to the finding of the jury as to the issues so made. The several special pleas were denied by the issue, in short, by consent.

We are therefore of the opinion that the peremptory instruction granted by the court below to the plaintiff for his demands, on other items mentioned in the instruction, constituted error, and the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.